UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Lazaro Ezequiel AJCAC CULAY )<br>)<br>Petitioner, )<br>)<br>)<br>)<br>)<br>v. )<br>ANTONE MONIZ, Superintendent, Plymouth )<br>County Correctional Facility; )<br>PATRICIA HYDE, Field Office Director; )<br>TODD LYONS, Acting Director U.S. )<br>Immigrations and Customs Enforcement; )<br>KRISTI NOEM, U.S. Secretary )<br>of Homeland Security; and PETE HEGSETH, )<br>U.S. Secretary of War; )<br>)<br>Respondents. )<br>_____)  | Case No. 1:25-cv-12611-AK<br><br>**PETITIONER'S STATUS REPORT AND NOTICE OF VOLUNTARY DISMISSAL** |

1. Petitioner Lazaro Ezequiel Ajcac Culay commenced this action at approximately 6:46 p.m. on September 16, 2025, after having been arrested the same day in or near Burlington, Massachusetts, by agents of U.S. Immigration and Customs Enforcement ("ICE").

2. The Court subsequently issued orders on September 16 and 17, 2025, including limitations of ICE's ability to transfer Petitioner to detention facilities outside of Massachusetts.

3. Petitioner was not listed in ICE's Online Detainee Locator System ("Detainee Locator") as of September 16, 2025. As of the morning of September 17, 2025, his name was listed in the website but it provided no location for Petitioner and instead instructed interested parties to "Call ICE for details." See a true copy of Detainee Locator result, enclosed herewith at **Exhibit 1**.

1

4. Also on the morning of September 17, 2025, Petitioner's immigration counsel (not counsel in this instant action) telephoned the ICE number listed in the Detainee Locator. The person on the other end of the line informed counsel that Petitioner was being held in the ICE Boston Field Office in Burlington, Massachusetts.

5. On the evening of September 17, 2025, Respondents' counsel informed Petitioner's counsel that, according to his ICE contact, Petitioner was removed from Massachusetts via an aircraft departing the state at approximately 4:24 p.m. on September 16, 2025, en route to an ICE facility in Batavia, New York. This would mean that Petitioner was not in Massachusetts on the evening of September 16, 2025 when the instant habeas action was initiated (nor, of course, on the morning of September 17, 2025, when someone at ICE informed Petitioner's immigration counsel that Petitioner was being detained in the Boston Field Office in Burlington, Massachusetts at that time).

6. Petitioner's counsel and Respondents' counsel then discussed the latter obtaining written verification of Petitioner's departure time from Massachusetts on September 16, 2025, in order for both counsel to assess the jurisdictional implications.

7. According to ICE's Detainee Locator, Petitioner remains in the agency's detention facility in Batavia, New York as of this writing, though this has not been independently verified.

8. On September 18, 2025, counsel in New York initiated a habeas action on behalf of Petitioner in U.S. District Court for the Western District of New York. The case number is 1:25-cv-00900.

9. On September 19, 2025, counsel for Respondents in the instant Massachusetts action provided counsel for Petitioner a copy of the Declaration of Assistant Field Office Director Keith Chan ("Chan Declaration," enclosed herewith as **Exhibit 2**). The Chan Declaration swears, *inter*

*alia*, that Petitioner was indeed flown out of Massachusetts (Hanscom Air Base) at approximately 4:24 p.m. on September 16, 2025. *Id.* at ¶ 8. Based on the sworn facts in the Chan Declaration, there is no possibility that Petitioner was in Massachusetts at the time the instant action was initiated.

10. Accordingly, and in reliance on the Chan Declaration, Petitioner dismisses this action without prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i).

Respectfully submitted,

**LAZARO EZEQUIEL AJCAC CULAY,**

By his attorney,

/s/ Benjamin B. Tymann
Benjamin B. Tymann, BBO # 652011
Tymann, Davis & Duffy, LLP
45 Bromfield Street, 6th Floor
Boston, MA 02108
Dated: September 19, 2025           Tel. 617.933.9490

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

/s/ Benjamin B. Tymann
Benjamin B. Tymann

Dated: September 19, 2025

3